**2014 BNH 012 Note: This is an unreported opinion. Refer to LBR 1050-1 regarding citation.**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW HAMPSHIRE

In re:

                                                                                                              Bk. No. 11-11833-BAH
                                                                                                              Chapter 7

J. Theoginis Kehaias,
        Debtor

Joy Ruma,
        Plaintiff,

v.                                                                                                          Adv. No. 12-1076-BAH

J. Theoginis Kehaias,
        Defendant

*Christopher Hilson*
*Donahue, Tucker & Ciandella, PLLC*
*Exeter, New Hampshire*
*Attorney for the Plaintiff*

*Robert L. O'Brien*
*New Boston, New Hampshire*
*Attorney for the Defendant*

## MEMORANDUM OPINION

For the second time, the plaintiff's Motion for Summary Judgment (Doc. 11)[1] (the "Motion") is before the Court. In the Motion, the plaintiff, Joy Ruma (the "Plaintiff"), seeks summary judgment on her claim to except from the discharge, pursuant to 11 U.S.C. § 523(a)(6), a judgment for wrongful eviction obtained in New Hampshire state court. The debtor, Theoginis Kehaias (the "Debtor"), has objected to the Motion. For the reasons set forth below, the Court shall grant the Motion and enter judgment in favor of the Plaintiff.

---

[1] Unless otherwise indicated all docket references refer to the docket in this adversary proceeding.

## JURISDITION

This Court has authority to exercise jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334, 157(a), and U.S. District Court for the District of New Hampshire Local Rule 77.4(a).   This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

A.   Procedural History

This bankruptcy case and adversary proceeding have a complex, dense procedural history. The Court will begin with the events following the entry of its December 31, 2013 Order Denying Motion for Summary Judgment (Doc. 21).   The Court's memorandum opinion, Ruma v. Kehaias (In re Kehaias), 2013 BNH 020 ("Kehaias I"), covers the events preceding the entry of that order. In Kehaias I, the Court denied summary judgment to the Plaintiff, holding that the state court had violated the automatic stay when it entered orders finding the Debtor liable to the Plaintiff for damages for wrongful eviction.   The Court's holding effectively rendered the state court's orders void as a matter of law.

In response to the Court's ruling, the Plaintiff filed her Motion for Retroactive Relief from the Automatic Stay in the main bankruptcy case.   Bk. No. 11-11833-BAH (Doc. 109).   The purpose of that motion was to validate the state court orders, notwithstanding the automatic stay. At the hearing on the motion for retroactive relief, the Court recognized that the state court order of March 12, 2012 (the "Liability Order") (Pl. Ex. 1) had not entered in violation of the automatic stay—reversing that portion of its ruling in Kehaias I—and granted retroactive relief from the

2

automatic stay as to the state court orders of April 26 ("Damages Order") and May 17, 2012 ("Fees Order").  Bk. No. 11-11833-BAH (Doc. 128).

After ruling on the motion for retroactive relief, the Court invited the Plaintiff to renew the Motion (i.e. the motion for summary judgment that it had denied in Kehaias I).  The Plaintiff then orally moved to renew the Motion, with the assent of the Debtor.  The Court granted the oral motion and gave the Plaintiff and Debtor the opportunity to supplement the summary judgment record as they saw fit, an opportunity of which neither party availed themselves.  June 27, 2013 Order (Doc. 32).  The Court then took the Motion under advisement.

B.  Summary Judgment Record

The facts in the summary judgment record are wholly undisputed.  The following factual summary is drawn from the Plaintiff's statement of material facts and supporting exhibits, including the Liability Order, which the Debtor did not supplement or otherwise dispute.[2]

During the summer of 2011, the Plaintiff was the Debtor's tenant, residing at 22 Ash Street, Hollis, New Hampshire.  In July 2011, the Plaintiff was away on business for her employer.  For reasons that are not in the record, the Debtor removed the Plaintiff's belongings from her apartment and "dumped" them in a barn at the farm where the Plaintiff was employed.  Ruma Affidavit, Pl. Ex. 2.  The Debtor then changed the locks, making it impossible for the Plaintiff to get back into her apartment.

---

[2] The Debtor's objection to the Motion is styled "Debtor/Defendant's Objection to and Affidavit regarding Plaintiff's Motion for Summary Judgment" (Doc. 13).  This objection contains pure legal argument and does not dispute the substantive factual assertions in the statement of material facts appended to the Motion.

The Plaintiff's employer discovered the items where the Debtor had deserted them, including the Plaintiff's laptop computer and clothing in garbage bags. The employer contacted the police who in turn sent an officer to interview the Debtor at the Plaintiff's apartment. Initially, the Debtor claimed not to know the Plaintiff and denied all knowledge of the situation, maintaining that he had found the Plaintiff's personal property in a shed outside the building where the Plaintiff's apartment was located. Later in the interview the Debtor indicated that he actually did know the Plaintiff, despite his earlier statements.

The Plaintiff first became aware of this situation when she arrived home from the business trip and found that she was unable to get into her apartment. The Debtor had given her no prior warning that he was going to remove her belongings from the premises and change the locks. The Plaintiff also realized that the Debtor had not brought all of her belongings to the barn; some items were simply missing.

On July 28, 2011, the state court issued a temporary restraining order requiring that the Debtor immediately allow the Plaintiff possession of her apartment and return any of her personal property in his possession. July 28, 2011 Order, Pl. Ex. 7. On October 18, 2011, the state court held a hearing to determine whether the Debtor had violated RSA 540-A, the New Hampshire wrongful eviction statute. At the hearing, the Plaintiff and Debtor were each represented by counsel and each testified. The court found that the Debtor's testimony "lacked even a modicum of credibility" and made the following findings: (1) During July 2011 the Plaintiff was the Debtor's tenant; (2) The Plaintiff was current on rent[3] when the Debtor locked her out of the apartment and removed her personal belongings; (3) The Debtor had never complied with the July

---

[3] The Liability Order refers to the rent being current as of "July 20, 2012," but it is clear from the context that "2012" is a typographical error.

4

28, 2011 temporary restraining order; (4) The Debtor had "knowingly, willfully and illegally" violated the Plaintiff's rights under RSA 540-A by taking these actions.  These findings were set forth in the Liability Order.

Subsequently, on April 26, 2012, the state court issued the Damages Order finding that the Debtor's conduct, as established in the Liability Order, entitled the Plaintiff to $91,000 in damages, plus attorney's fees and costs, under RSA 540-A.  In the Fee Order dated May 17, 2012, the state court approved the Plaintiff's attorney's fees and costs in the amount of $14,674.92.

### C. Positions of the Parties

The Plaintiff contends that issue preclusion, based on the facts found in the Liability Order, Damages Order, and Fee Order, provides the necessary evidence to establish that the debts in the Damages and Fee Orders are nondischargeable as the consequence of a willful and malicious injury inflicted on the Plaintiff and her property by the Debtor.  To the extent that issue preclusion does not establish nondischargeability, the Plaintiff argues the undisputed facts in the summary judgment record are sufficient to establish every essential element of her claim.

The Debtor argues that issue preclusion is inapplicable on the facts before the Court. Specifically, the Debtor argues that the statutory damages were not caused by the injury complained of, namely the wrongful eviction.  In the event the Court should decide that issue preclusion applies, the Debtor argues that the facts established are insufficient to render the state court damages nondischargeable.  To this end, the Debtor homes in on what he deems to be a lack of evidence to support a finding of maliciousness.

5

## DISCUSSION

    A.    <u>Summary Judgment Standard</u>

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Genuine issues of fact are those that a factfinder could resolve in favor of the nonmovant, while material facts are those whose 'existence or nonexistence has the potential to change the outcome of the suit.'" <u>Green Mountain Realty Corp. v. Leonard</u>, 750 F.3d 30, 38 (1st Cir. 2014) (quoting <u>Tropigas de Puerto Rico, Inc. v. Certain Underwriters at Lloyd's of London</u>, 637 F.3d 53, 56 (1st Cir. 2011)). In assessing the summary judgment record, a court must draw all reasonable inferences in favor of the non-moving party but is "not obliged to accept as true or to deem as a disputed material fact, each and every unsupported, subjective, conclusory, or imaginative statement made to the court by a party." <u>Adamson v. Walgreens Co.</u>, 750 F.3d 73, 78 (1st Cir. 2014) (citations omitted). The non-moving party cannot simply rely on contestations of motive or intent, where those issues are contested merely by conclusory allegations, improbable inferences, and unsupported allegations. <u>Meuser v. Fed. Express Corp.</u>, 564 F.3d 507, 515 (1st Cir. 2007); <u>see also</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 424, 249-50 ("If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." (internal citations omitted)); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986) (parties opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts").

"[T]he inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Anderson, 477 U.S. at 252. The Plaintiff has the burden of proof to prove a debt's nondischargeability under section 523(a)(6) by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 283 (1991). Additionally, "exceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's 'fresh start' policy, and, for that reason, the claimant must show that his claim comes squarely within an exception enumerated in Bankruptcy Code § 523(a)." Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997) (citation omitted).

### B. Issue Preclusion

In general, a federal court applies state law to determine whether facts found or issues determined in a state court ought to be accorded preclusive effect in a subsequent federal case. N.H. Motor Transp. Ass'n v. Town of Plaistow, 67 F.3d 326, 328 (1st Cir. 1995); Langlois v. Mirulla (In re Mirulla), 163 B.R. 912, 916 (Bankr. D.N.H. 1994). In New Hampshire, issue preclusion "bars a party to a prior action . . . from relitigating any issue or fact actually litigated and determined in the prior action." Appeal of Morrissey, 165 N.H. 87, 70 A.3d 465, 472 (2013) (quoting Appeal of Town of Seabrook, 163 N.H. 635, 654 (2012)). Issue preclusion operates when:

> (1) the issue subject to estoppel is identical in each action; (2) the first action resolved the issue finally on the merits; (3) the party to be estopped appeared in the first action or was in privity with someone who did; (4) the party to be estopped had a full and fair opportunity to litigate the issue; and (5) the finding at issue was essential to the first judgment.

Morrissey, at 472 (quoting Petition of CIGNA Healthcare, 146 N.H. 683, 687 (2001)).

7

  C. <u>Willful and Malicious Injury under 11 U.S.C. § 523(a)(6)</u>

  Section 523(a)(6) provides that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).  Restated, a debt is nondischargeable under this section when a creditor proves that (1) the debtor caused him or her injury, (2) the debtor's actions were willful, and (3) the debtor's actions were malicious.  An injury is caused maliciously when "it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will . . . .  The injury must have been committed in conscious disregard of one's duties."  <u>Levasseur v. Old Republic Nat'l Title Ins. Co.(In re Levasseur)</u>, 737 F.3d 814, 818 (1st Cir. 2013) (quotations and citations omitted).  "Willfulness requires a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question."  <u>Id.</u> (quotations and citations omitted).  See <u>Kawaauhau v. Geiger</u>, 523 U.S. 57, 61 (1998); <u>Printy v. Dean Witter Reynolds, Inc.</u>, 110 F.3d 853, 859 (1st Cir. 1997); <u>Kev-Ray Invs. LLC v. Lemay (In re Lemay)</u>, 2014 BNH 011.

  D. <u>Application and Analysis</u>

  This is not the first time this Court has addressed nondischargeability under section 523(a)(6) in the context of a wrongful eviction pursuant to RSA 540-A.  Indeed, this Court has specifically addressed whether a New Hampshire state court's finding of liability and damages under RSA 540-A can be afforded preclusive effect in the context of a nondischargeability action for willful and malicious injury.  In <u>In re Mirulla</u>, 163 B.R. at 914, the debtor was found to have

wrongfully evicted the creditor by removing the doors and disassembling the stove in the creditor's apartment; the state court awarded damages of over $15,000.

The Mirulla court held that the state court's findings were entitled to preclusive effect in granting the creditor's motion for summary judgment. Specifically, the Court found that while the state court did not address the malice element of section 523(a)(6), "the written decision of the state court nevertheless is replete with factual findings from which it can be inferred that [the debtor] knew his acts were certain or substantially certain to cause injury to [the creditor]. Id. at 916. The Court explained that the state court's findings made it evident that the debtor "intended to make [the creditor] feel so uncomfortable, inconvenienced and intimidated that she would leave the apartment on her own accord." Id. at 917. Finally, the Court found that the other elements of issue preclusion were satisfied by the state court's finding that the debtor's violations of RSA 540-A were "willful and knowing."

Here, the situation is very similar to that in Mirulla. The first four elements of issue preclusion are satisfied. The factual issues are identical. The state court determined that the Debtor knowingly, willfully, and illegally locked the Plaintiff out of her apartment and removed her belongings, misplacing some of them in the process. The parties are the same and they had a full and fair opportunity to litigate the issues to a final decision on the merits. Both testified and were represented by counsel. Accordingly, issue preclusion establishes that the Debtor knowingly intended to injure the Plaintiff by depriving her of her apartment and personal property. This satisfies the "willful" and "injury" prongs of section 523(a)(6).

The Court does not find that issue preclusion satisfies the "malice" prong. Finding that the Debtor evicted the Plaintiff willfully was all that the state court was required to do to find

9

liability under RSA 540-A. The finding of malice—if it was made—was not essential to the judgment. See Tyler v. Hannaford Bros., 161 N.H. 242, 247 (2010) ("If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded") (quotations omitted). However, as in Mirulla, the Court finds that the undisputed facts in the record independently support a finding of malice, including inferences based on the facts that were established by issue preclusion—even making those inferences in the light most favorable to the Debtor.

Here, the facts make it clear that the Debtor injured the Plaintiff in conscious disregard of his duties. The Liability Order and the Debtor's own statements demonstrate that the Debtor was aware that the Plaintiff was his tenant. By locking the Debtor out of her apartment and displacing her belongings, the Debtor deprived the Plaintiff of the benefit of her lease. No trier of fact could help but find, by a preponderance of the evidence, that the Debtor knew his actions were wrongful. He attempted to conceal the fact that the Plaintiff was his tenant from the police and that he had removed the personal property from her rooms. It is not reasonable to infer any other conclusion from the facts in the summary judgment record. The Debtor was unambiguously on notice that his actions were wrongful after the state court entered its temporary restraining order directing him to allow the Plaintiff access to the apartment and to return her personal property. The state court specifically found that the Plaintiff had not complied with that restraining order when it issued the Liability Order. Further, the Debtor has not put any evidence into the record that would tend to excuse his conduct.

The Debtor has argued that the statutory damages under RSA 540-A do not follow from this injury. The Court does not accept that argument. This Court has previously found that these

statutory damages are nondischargeable in the context of section 523(a)(6). Mirulla 163 B.R. at 912; In re Dunlop, 2006 BNH 050. The Debtor does nothing to distinguish those cases and the Court sees no reason not to follow them at this juncture. The Court also notes that the New Hampshire Supreme Court has stated that a landlord is chargeable with knowledge of RSA 540-A when it comes to determining damages for its violation. Simpson v. Young, 153 N.H. 471, 220 (2006) (citing Johnson v. Wheeler, 146 N.H. 594, 597 (2001)).

Accordingly, the Court finds that the Debtor has willfully and maliciously injured the Plaintiff based on the undisputed, material facts in the summary judgment record. The Debtor's debt to the Plaintiff should be excepted from discharge pursuant to section 523(a)(6).

## CONCLUSION

For the reasons set forth above, the Court shall award summary judgment to the Plaintiff. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate judgment consistent with this opinion.

ENTERED at Manchester, New Hampshire.

Date: September 30, 2014           /s/ Bruce A. Harwood
                                   Bruce A. Harwood
                                   Chief Bankruptcy Judge

11